**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TYRONE HURT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:20-CV-721-SEP |
| | ) |
| U.S. CONSTITUTION, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint filed by self-represented plaintiff Tyrone Hurt. Plaintiff has neither paid the filing fee, nor filed an application to proceed in the district court without payment of the filing fee. Instead, Plaintiff included a "Motion for Leave to Proceed in Forma Pauperis" within the body of the complaint. The Court has reviewed Plaintiff's motion and will allow Plaintiff to proceed without paying the filing fee in this proceeding. Additionally, for the reasons discussed below, the Court will dismiss this action for improper venue and as factually frivolous under *Denton v. Hernandez*, 504 U.S. 25 (1992).

### Background

Plaintiff currently resides in the District of Columbia. This action is one of fifteen self-represented civil actions he has initiated *in forma pauperis* in this Court since January 21, 2020.[1]

---

[1] *See Hurt v. Bailey Realtor, Inc. LLC*, 4:20-cv-99-NAB (E.D. Mo. Jan. 21, 2020); *Hurt v. D.C. Board of Parole, et al.,* 4:20-cv-100-PLC (E.D. Mo. Jan. 21, 2020); *Hurt v. American College Dictionary, et al.*, 4:20-cv-101-RLW (E.D. Mo. Jan. 21, 2020); *Hurt v. U.S. Constitution, et al.*, 4:20-cv-525-RLW (E.D. Mo. Apr. 13, 2020); *Hurt v. U.S. Constitution, et al.*, 4:20-cv-527-SRC (E.D. Mo. Apr. 13, 2020); *Hurt v. USA, et al.*, 4:20-cv-645-AGF (E.D. Mo. May 11, 2020); *Hurt v. USA, et al.*, 4:20-cv-646-SRC (E.D. Mo. May 8, 2020); *Hurt v. USA, et al.*, 4:20-cv-647-AGF (E.D. Mo. May 11, 2020); *Hurt v. USA, et al.*, 4:20-cv-648-SRC (E.D. Mo. May 8, 2020); *Hurt v. Motel 6, et al.*, 4:20-cv-649-SRC (E.D. Mo. May 11, 2020); *Hurt v. American College Dictionary, et al.*, 4:20-cv-667-NCC (E.D. Mo. May 18, 2020); *Hurt v. U.S. Constitution, et al.*, 4:20-cv-722-SRC (E.D. Mo. May 21, 2020); *Hurt v. U.S. Constitution, et al.*, 4:20-cv-723-JCH (E.D. Mo. May 21, 2020); and *Hurt v. U.S. Constitution, et al.*, 4:20-cv-736-NCC (E.D. Mo. May 29, 2020).

Additionally, a review of Plaintiff's federal court filings indicates that he has filed numerous cases in district courts across the United States. *See Hurt v. Civil Rights Lawyer*, No. 3:17-cv-39-DJH (W.D. Ky. March 22, 2017) (noting that instant case was "not the first time Hurt has brought in this Court a disjointed complaint with no connection to this jurisdiction, and, in fact, Hurt has a pattern of doing so in courts across the country"); *Hurt v. D.C. Board of Parole, et al.*, No. 1:13-cv-5365-LAP (S.D.N.Y. Oct. 11, 2013) (noting that plaintiff has "filed hundreds of lawsuits around the country that [have] been dismissed as frivolous"). Plaintiff's propensity for filing multiple frivolous lawsuits has subjected him to pre-filing injunctions in numerous federal courts. *See Hurt v. Nat'l Museum of African-American History & Culture*, No. 5:17-cv-97-H (E.D.N.C. May 30, 2017) (collecting cases). He has been barred from proceeding *in forma pauperis* in the United States District Court for the District of Columbia, *Hurt v. United States*, No. 1:19-cv-2785-UNA (D.D.C. Oct. 8, 2019), and barred from proceeding *in forma pauperis* on appeal in the United States Court of Appeals for the District of Columbia Circuit. *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 311 (D.C. Cir. 2008) (per curiam).

## The Complaint

Plaintiff brings this action against three defendants: the U.S. Constitution, the American People of the United States of America, and the Founding Fathers of the United States Constitution and the World. Plaintiff asserts that this Court has jurisdiction pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1330-1332, and 42 U.S.C. § 1975. Doc. [1] at 1.

The Court cannot decipher exactly what Plaintiff is alleging in his "Statement of the Facts of the Case" because the complaint is almost entirely illegible. *Id.* at 2. It appears Plaintiff asserts claims involving the "coronavirus crisis" and the "national epidemic of gun violence." *Id.* at 2. Plaintiff seems to be requesting compliance with "humanitarian order and world order." *Id.* at 2-

2

3. Plaintiff does not assert any facts specific to himself or any injury he has suffered. Nor does he describe any events that occurred within this judicial district. For relief, Plaintiff seeks one billion dollars in damages. *Id.* at 4.

## Discussion

Plaintiff's complaint suffers from multiple defects. First, Plaintiff has alleged no basis upon which to conclude that venue lies in this Court. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. If venue is improper, the Court must either dismiss the action or, if it is in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

Plaintiff resides in the District of Columbia, and it does not appear, nor does Plaintiff allege, that all defendants reside in Missouri. Moreover, there is no indication that any events or omissions that could be understood to give rise to any claim occurred in the Eastern District of Missouri. In sum, none of the requirements of § 1391 are present in this case and venue is therefore improper. The Court may either dismiss the action or, if it is in the interest of justice, transfer the case to the district in which it could have been brought. Here, it is not in the interest of justice to transfer this case because Plaintiff's allegations are factually frivolous.

Second, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed *in forma pauperis* if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action

is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* A court can properly dismiss an action if the allegations in the complaint are found to be "clearly baseless." *Denton*, 504 U.S. at 32-33 (citing *Neitzke*, 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* Here, Plaintiff's complaint is incoherent and provides no basis for how Defendants violated his constitutional rights. The fact that Plaintiff seeks damages from the "U.S. Constitution," all "American People," and the "Founding Fathers of … the World," demonstrates delusional and irrational allegations. Plaintiff's complaint is factually frivolous under *Denton*. As a result, the Court will dismiss this action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff may proceed *in forma pauperis* in this action.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for improper venue and as factually frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). *See* 28 U.S.C. § 1406(a); 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 10th day of June, 2020.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

4